**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| J.T. SHANNON LUMBER COMPANY, INC., | ) ) ) | |
|     Plaintiff, | ) ) | |
| VS. | ) ) | No. 2:07-cv-2847-JPM-cgc |
| RICHARD BARRETT, | ) ) | |
|     Defendant. | ) | |

---

**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JURY VERDICT TO AWARD PLAINTIFF NOMINAL DAMAGES; DENYING DEFENDANT'S MOTION TO OFFSET THE JURY VERDICT; AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

---

Before the Court is Plaintiff J.T. Shannon Lumber Company's ("Plaintiff") Motion to Alter or Amend the Jury Verdict and to Enter Judgment to Award Shannon Lumber Nominal Damages for each of Defendant Richard Barrett's ("Defendant") Breaches of Contract ("Pl.'s Mot. for Nominal Damages") (D.E. 363), filed September 9, 2010; Defendant's Motion to Offset the Jury Verdict (D.E. 373), filed September 23, 2010; and Plaintiff's Motion for Attorney's Fees and Costs[1] (D.E. 398), filed December 28, 2010.[2] For the reasons discussed below, the Court GRANTS Plaintiff's

---

[1] Defendant also filed a Motion for Attorney's Fees and Costs on September 23, 2010.  (D.E. 374.)

[2] Plaintiff also filed a Motion to Set a Hearing on Attorney Fees and Costs on September 10, 2010.  (D.E. 364.)  Defendant filed a response on September 23, 2010.  (D.E. 72.)  Plaintiff's Motion is MOOT in light of the Court's Order.

Motion for Nominal Damages, DENIES Defendant's Motion to Offset the Jury Verdict, and GRANTS Plaintiff's Motion for Attorney's Fees and Costs.

## I. Background

A jury trial was held in this case from August 16 to August 26, 2010. The jury considered five claims: (1) trade secret misappropriation, (2) breach of Mr. Barrett's employment agreement, (3) breach of common law fiduciary duty/duty of loyalty, (4) tortious interference with contract, and (5) unfair competition. (See D.E. 357.) On August 26, 2010, the jury awarded Plaintiff $70,000 in total damages for Defendant's breach of fiduciary duty and the duty of loyalty owed to Plaintiff.[3] (Id., Question Nos. 6, 14.) The jury also found that Defendant breached two provisions in his employment agreement – the confidentiality clause and the non-competition provision – but awarded Shannon Lumber $0 in damages for these breach of contract claims.[4] (Id., Question Nos. 3, 4, 11, 12.)

The Court addresses each Motion in turn, with a discussion of the relevant facts for each Motion.

---

[3] The jury found for Defendant on Plaintiff's claims of trade secret misappropriation, tortious interference with contract, and unfair competition. (Id., Question Nos. 1, 2, 7-9, 10, 15, 16.)
[4] The jury did not find that Plaintiff breached the non-solicitation provision in his employment agreement with Plaintiff. (Id., Question Nos. 5, 13.) The jury also did not award punitive damages on any of Plaintiff's Claims. (Id., Question Nos. 17, 18, 19, 20, 21.)

## II. Motion for Nominal Damages

### A. Relevant Facts

On September 9, 2010, Plaintiff filed a Motion to Alter or Amend the Jury Verdict and to Enter Judgment to Award Shannon Lumber Nominal Damages for each of Defendant's Breaches of Contract.  (See D.E. 363 ("Pl.'s Mot. for Nominal Damages"); see also D.E. 363-4 ("Pl.'s Mem. in Supp. of its Mot. for Nominal Damages").)  Defendant filed his response on September 23, 2010. (See D.E. 375 ("Def.'s Resp. to Pl.'s Mot. for Nominal Damages").)  Plaintiff filed a reply on October 20, 2010.  (See D.E. 390 ("Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Nominal Damages").)

Prior to jury deliberations, the Court instructed the jury regarding the applicable law.  The Court provided an instruction regarding Plaintiff's breach of contract claims and damages. The Court instructed the jury as to nominal damages: "[i]f you find that Mr. Barrett breached his Employment Contract with J.T. Shannon then nominal damages are presumed.  The purpose of nominal damages is to recognize a legal right.  Where there is a breach of contract, but even when no actual damages have been proven, Shannon is entitled to nominal damages." (Jury Instructions (D.E. 348) 85.)

The jury found that Defendant breached the confidentiality clause and the non-competition provision of his employment

3

agreement but did not award damages to Plaintiff on these claims. (D.E. 357, Verdict Form.) Rather, the jury awarded $70,000 in damages for Defendant's breach of his fiduciary duty and duty of loyalty. (Id.)

Plaintiff argues that because the jury found that Defendant breached two provisions of his employment agreement, the Court should alter or amend the jury verdict pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and award Plaintiff $2.00 in nominal damages. (Pl.'s Mem. in Supp. of its Mot. for Nominal Damages 1, 6.) Defendant responds that Plaintiff is not entitled to nominal damages because to do otherwise would undermine Defendant's Seventh Amendment rights. (Def.'s Resp. to Pl.'s Mot. for Nominal Damages 3-4.)

**B. Analysis**

The Court may grant a Rule 59(e) motion to alter or amend a judgment when: (1) there is an intervening change of controlling law, (2) evidence not previously available has become available, or (3) to correct a clear error of law or prevent manifest injustice. Fed. R. Civ. P. 59(e); Am. Copper & Brass, Inc. v. Halcor S.A., 494 F. Supp. 2d 873, 874 (W.D. Tenn. 2007); Corrington v. Equitable Life Assurance Soc'y of U.S., No. 01-2446, 2003 WL 23846662, at *1 (W.D. Tenn. May 15, 2003); GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Rule 59 is not

4

intended to be used to "relitigate issues previously considered" or to "submit[] evidence which in the exercise of reasonable diligence could have been submitted before."[5] <u>Helton v. ACS Group</u>, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997).

The Court must first determine whether nominal damages are required as a matter of law as a result of Defendant's breach of his employment agreement. Plaintiff argues that "[u]nder the <u>Erie</u> doctrine, a federal court must apply the substantive law of a state as it has been determined by the highest court of the state." (Pl.'s Mem. for Nominal Damages 3-4 (<u>citing</u> <u>Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co.</u>, 694 F.Supp.2d 888, 903 (W.D. Tenn. 2010)).)

This case rests on diversity jurisdiction, and "[t]he issue of additur is determined by the substantive state law of Tennessee." <u>Tate v. Wenger</u>, 2006 U.S. Dist. LEXIS 73229, at *8 (E.D. Tenn. 2006) (relying on the Tennessee additur statute, Tenn. Code Ann. § 20-10-101(a)(1) (2004), which states that "[i]n cases where, in the opinion of the trial judge a jury verdict is not adequate to compensate the plaintiff or plaintiffs in compensatory damages or punitive damages, the trial judge may suggest an additur in such amount or amounts as the trial judge deems proper to the compensatory or punitive

---

[5] Because Plaintiff did not move for a new trial and the Court finds that it can grant relief without granting a new trial, the Court declines to address Plaintiff's arguments concerning Federal Rule of Civil Procedure 49(b). (<u>See</u> Def.'s Resp. to Pl.'s Mot. for Nominal Damages 6-7.)

damages awarded by the jury, or both such classes of damages."). "Under the Erie doctrine, a federal court must apply the substantive law of a state as it has been determined by the highest court of the state." Carbon Processing, 694 F.Supp.2d at 903.

Defendant argues that Plaintiff failed to prove the causation and damages necessary to establish a breach of contract under Tennessee law,[6] and "[n]ominal damages do not and should not serve as a substitute for causation." (Def.'s Resp. to Pl.'s Mot. for Nominal Damages 4.) Defendant misinterprets the law. The Tennessee Supreme Court has repeatedly held that Tennessee law requires an award of nominal damages for breach of contract if actual damages are not awarded. See W. Union Tel. Co. v. H.M. Green, 281 S.W. 778, 780 (Tenn. 1925) ("'The measure of damages, whether the suit be on contract or in tort, is . . . [i]f there has been a violation of the contract, or a breach of duty on the part of the company, the aggrieved party is entitled to recover, in any event, nominal damages); George Q. Milwee, Jr. v. Peachtree Cypress Inv. Co.; 510 F. Supp. 284, 289 (E.D. Tenn. 1978) (citing Tennessee cases supporting the same proposition); Bradford & Carson v. Montgomery Furniture Co., 92 S.W. 1104, 1110 (Tenn. 1905) (in a contractual lawsuit, if

---

[6] See ARC Lifemed, Inc v. AMC-Tennessee, Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2006).

Plaintiff elects to sue for damages, "he must be prepared to prove such damages as the law recognizes, or otherwise he can only recover nominal damages"); see also Morristown Lincoln-Mercury, Inc. v. Roy N. Lotspeich Publ'g Co., 42 Tenn. App. 92, 106 (Tenn. Ct. App. 1956) (citing several cases from the Tennessee Supreme Court upholding the principle that "[u]pon breach of a valid and binding contract, the law infers some damages, and generally the person guilty of the breach is liable at least for nominal damages, if actual damages cannot be proved.  Nominal damages only are recoverable upon the breach of a contract if no actual or substantial damage resulted from the breach or no damage has been or can be shown . . . ." (quoting 15 Am. Jur. 2d Contracts § 7 (1964)); Gay & Taylor, Inc. v. American Cas. Co., 381 S.W.2d 304, 307 (Tenn. Ct. App. 1963) (same).

The Court's jury instructions were consistent with Tennessee law, since they stated that "nominal damages are presumed" and "[w]here there is a breach of contract, but even when no actual damages have been proven, Shannon is entitled to nominal damages."[7]  (Jury Instructions 85.)

---

[7] Defendant argues that because the jury instructions stated that the nominal damages were "presumed," the instructions "left the jury with discretion to decline to award [Plaintiff] nominal damages."  (Def.'s Resp. to Pl.'s Mot. for Nominal Damages 5.)  Defendant's argument is unavailing.  The Court notes that the remainder of the nominal damages instruction states that Plaintiff is "entitled to nominal damages."  (Jury Instructions 85).

Having concluded that Tennessee law requires an award of nominal damages in this case, the Court must decide whether it has the power under federal law to award nominal damages to Plaintiff following the jury's verdict.  As noted previously, the jury found that Defendant breached two provisions of his employment agreement, but the jury decided not to award Plaintiff any damages for these two claims.  (Verdict Form (D.E. 357).)  While the jury awarded $70,000 in damages for Defendant's breach of his fiduciary duty and duty of loyalty, the jury did not award damages to Plaintiff for Defendant's breach of the two provisions of the employment agreement.  (Id.)

While state law determines whether Plaintiff is entitled to nominal damages for Defendant's breach of contract in this case, "federal law . . . will control on those issues involving the proper review of the jury award by a federal district court [with diversity jurisdiction] . . . ."[8]  Browning-Ferris Indus. v. Kelko Disposal, Inc., 492 U.S. 257, 280 (1989) (further noting that courts should look to "federal standards developed under Rule 59 . . .").

---

[8] Defendant argues that Plaintiff "waived any argument regarding the propriety of the jury instructions" because it proffered the nominal damages instruction to the Court, citing Warren v. Fanning, 950 F.2d 1370, 1374 (8th Cir. 1991).  (Def.'s Resp. to Pl.'s Mot. for Nominal Damages 8.)  The Eighth Circuit held that the plaintiff was entitled to nominal damages, because the jury found the Plaintiff suffered "cruel and unusual punishment," and the jury failed to "convert into dollars the injury and pain" Plaintiff suffered. Id. (citing Cowans v. Wyrick, 862 F.2d 697, 699 (8th Cir. 1988)).  While the Eighth Circuit noted that any error not objected to by a party is waived by that party unless it is plain error, id., the Sixth Circuit has not adopted this principle.

The Seventh Amendment generally prohibits a court from granting an additur after a federal jury trial.  See Dimick v. Schiedt, 293 U.S. 474, 486-87 (1935) (Allowing additur would "compel the Plaintiff to forego his constitutional right to the verdict of a jury and accept 'an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.'") (citations omitted); see also Traylor v. United States, 396 F.2d 837, 840 n.4 (6th Cir. 1968).

However, courts have recognized an exception to the above rule when the parties consent to additur or when the amount of damages is undisputed.  "The constitutional rule against additur . . . is not violated in a case where the jury had properly determined liability and there is no valid dispute as to the amount of damages.[9]  In such a case the court is in effect simply granting summary judgment on the question of damages." Moreau v. Oppenheim, 663 F.2d 1300, 1311 (5th Cir. 1981); EEOC v. Massey Yardley Chrysler Plymouth, 117 F.3d 1244, 1252-53 (11th Cir. 1997) (quoting Decato v. Travelers Ins. Co., 379 F.2d 796, 798 (1st Cir. 1967)); see also Taylor v. Green, 868 F.2d 162, 165 (5th Cir. 1989) ("When the amount of damages is not disputed and a party is entitled to damages under the verdict as a matter

---

[9] This exception has not been formally adopted by the Sixth Circuit.  See Clay v. Gordon, 2000 U.S. App. LEXIS 2097, at *9-10 (6th Cir. 2000); Jimkoski v. State Farm Mut. Auto. Ins. Co., 248 F. App'x 654, 663 (6th Cir. Feb. 10, 2000) (noting that the Sixth Circuit "has yet to hold one way or the other" whether additur is "constitutionally permissible in cases where damages are not in dispute").

of law . . . 'it would be a mere formality to order a partial

new trial limited to the issue of damages when the court could

immediately thereafter grant summary judgment for the undisputed

amount.'")[10] (quoting 6 James Wm. Moore et al., Moore's Federal

Practice ¶ 59.13[2][g] (3d ed. 1999)).

The Sixth Circuit, in Clay v. Gordon, stated that the

"exception for undisputed damages has been recognized only when

damages claims are definite and incontrovertible."  2000 U.S.

App. LEXIS 2097, at *9-10 (citing Jones v. Wal-Mart Stores,

Inc., 870 F.2d 982, 985 (5th Cir. 1989 (allowing additur when

damages were stipulated before trial))[11]; Massey, 117 F.3d at

1252 (upholding additur when there is "no genuine issue as to

the correct amount of damages"); Liriano v. Hobart Corp., 170

F.3d 264, 272-73 (2d Cir. 1999) (allowing additur when damages

amount were "discrete," "manifest[]," and undisputed).

The Sixth Circuit has also held that "a court may render

judgment as a matter of law as to some portion of a jury award

if it is compelled by a legal rule or if there can be no genuine

issue as to the correct calculation of damages." Lulaj v.

Wackenhut Corp., 512 F.3d 760, 766 (6th Cir. 2008) (citing

Westchester Fire Ins. Co. v. Hanley, 284 F.2d 409, 418 (6th Cir.

1960) (reducing an award by twenty-five percent as required by

---

[10] In Taylor, the Court awarded Plaintiff $1.00 in nominal damages post-judgment.  868 F.2d at 165.
[11] See also Cummings v. Boston & M.R.R., 212 F.2d 133, 136-37 (1st Cir. 1954) (increasing a judgment by $100 based on the parties' stipulation).

contract where it was clear the jury had failed to do so);
Massey, 117 F.3d at 1252-53 (correcting a jury's determination
of back pay owed to Plaintiff where there was no issue as to the
amount of damages once the jury found liability)).  Several
courts have adjusted jury awards to account for an oversight by
the jury when a party is entitled to damages as a matter of law.
See, e.g., Hendrix v. Sterlilite Corp., 2010 U.S. Dist. LEXIS
136523, at *7 (N.D. Ala. Aug. 6, 2010) (jury's failure to award
nominal damages was a mistake of law subject to adjustment by
the Court under Rule 59); Jiminez v. Paw-Paw's Camper City,
Inc., 2002 U.S. Dist. LEXIS 3248, at *15 (E.D. La. Feb. 22,
2002) (holding that the Seventh Amendment prohibition against
increasing a jury's damages award is not violated when the court
enters a judgment awarding nominal damages when the jury has
failed to do so and the claimant is entitled to nominal damages
as a matter of law); Liriano v. Hobart Corp., 170 F.3d 264, 272-
73 (2d Cir. 1999) (holding that a district court's adjustment of
a "jury award to account for a discrete item that manifestly
should have been part of the calculations and as to whose amount
there was no dispute" was "no true additur," and noting that
"[w]hen a jury has already found liability, federal courts may
make such adjustments without running afoul of Dimick.")

        In this case, as noted previously, the Court finds that
Tennessee law requires an award of nominal damages in favor of

Plaintiff for Defendant's breach of the confidentiality clause
and the non-competition provisions of his employment agreement
with Plaintiff.  The parties agreed to the nominal damages
instruction given to the jury, which stated that Plaintiff was
"entitled to nominal damages" if the jury found that Defendant
breached the employment agreement and if the jury failed to
award actual damages.  (Jury Instructions (D.E. 348) 85.)  In
light of the case law discussed above, the Court finds Plaintiff
is entitled to nominal damages as a matter of law.

Accordingly, the Court GRANTS Plaintiff's Motion to Alter
or Amend the Jury Verdict to correct an error of law and award
$2.00 in nominal damages to Plaintiff for Defendant's breach of
the confidentiality clause and the non-competition provisions of
his employment agreement.

## III. Motion to Offset Jury Verdict

### A. Relevant Facts

Defendant filed his Motion to Offset the Jury Verdict on
September 23, 2010.  (See D.E. 373 ("Def.'s Mem. in Supp. of its
Mot. to Offset Jury Verdict").)  Plaintiff filed its response
brief on October 1, 2010.  (See D.E. 379 ("Pl.'s Resp. to Def.'s
Mot. to Offset Jury Verdict").)

Plaintiff entered into a confidential settlement agreement
with Gilco Lumber, Inc. ("Gilco") on February 4, 2010, in which

12

Plaintiff received a payment of $750,000 from Gilco in exchange for releasing James Harless, Scott England, Claire Chen, Gary Xu, and all other employees of Gilco from all liability.[12]  (D.E. 373-1, Ex. C, at 2.)  Through a ruling by Magistrate Judge Pham on August 5, 2010, Defendant received access to the settlement agreement on August 13, 2010 – one day before trial.  (D.E. 297.)  Pursuant to Tennessee's Uniform Contribution Among Tortfeasors Act, Tenn. Code Ann § 29-11-105(b), the parties agreed to place the settlement agreement into the record but not offer proof of the settlement to the jury.  The parties reserved the issue of the effect of the settlement agreement for post-trial argument.  (D.E. 359, Tr. Ex. B.)

Plaintiff filed the original suit in the United States District Court for the Northern District of Mississippi, naming as defendants Richard Barrett along with Gilco, Xu, Chen, Harless, and England.  (D.E. 371, Ex. A.)  Plaintiff claimed that Gilco, Chen, Harless, and England "wrongfully induced Richard Barrett and Xu to breach their contractual and fiduciary duties" owed as employees of Shannon Lumber.  (See D.E. 379-1, Second Am. Compl. ¶ 29.)  The complaint also alleged that "Gilco Lumber, Chen, Harless and England are liable to Shannon Lumber for all of the damages and injuries it sustained as a result of

---

[12] Plaintiff expressly reserved the right to pursue claims against Richard Barrett.  Defendant "agrees that Shannon Lumber was free to pursue damages in excess of $750,000" against him.  (See Def.'s Mot. to Offset Jury Verdict 4.)

their inducing Barrett and Xu to breach their fiduciary and contractual duties." (<u>Id.</u>)  Pursuant to Section 10.4 of Defendant's employment agreement, Plaintiff's claims against Barrett were severed and transferred to the Western District of Tennessee.  (D.E. 1-3.)

## B. Analysis

Tennessee Code Annotated § 29-11-105(a)(1) states as follows:

> (a) When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the *same injury* or the same wrongful death, (1) [i]t does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater.

<u>Id.</u> (emphasis added).

The Tennessee Supreme Court has made clear that the "one satisfaction rule" no longer survives under Tennessee's comparative fault system.  "[U]nder principles of comparative fault, a non-settling defendant is *not* entitled to a credit for amounts paid by a settling defendant because the non-settling defendant is required to pay damages based on his or her percentage of fault."  <u>Engstrom v. Mayfield</u>, 195 F. App'x. 444, 449 (6th Cir. 2006) (<u>citing</u> <u>Williams Holding Co. v. Willis</u>, 166 S.W.3d 707, 712-13 (Tenn. 2005)).

14

Tennessee courts have noted that "it is clear that Tennessee has abandoned the one-recovery rule in tort cases," and therefore the doctrine of comparative fault applies to tort claims. Engstrom, 195 F. App'x at 450 (citing McIntyre v. Balentine, 833 S.W.2d 52, 58 (Tenn. 1992)); Varner v. Perryman, 969 S.W.2d 410, 413 (Tenn.Ct.App.1997)). Breach of fiduciary duty is an action sounding in tort. See ARC LifeMed, Inc. v. AMC-Tennessee, Inc., 183 S.W.3d 1, 24 (Tenn. Ct. App. 2005) (citing Mike v. Po Group, Inc., 937 S.W.2d 790, 795 (Tenn. 1996)). The Tennessee Supreme Court has stated that "the mere possibility that plaintiffs may, by settling with some defendants, receive more than their actual damages does not change the fact that non-settling defendants are obligated to pay damages based on the percentage of their fault." Williams Holding Co. v. Willis, 166 S.W.3d 707, 712 (Tenn. 2005); see also Engstrom v. Mayfield, 195 F. App'x. 444, 450 (6th Cir. 2006).

Defendant claims that Plaintiff sought damages from Defendant and the other alleged joint tortfeasors for the same injury, and therefore the principles of joint and several liability are applicable. (Def.'s Mot. to Offset Jury Verdict 5.) Specifically, Defendant asserts that Plaintiff "pursued

damages against Mr. Barrett under a civil conspiracy claim[13] and breach of fiduciary duty and contract claims that it alleged Gilco induced Mr. Barrett to breach." (Id.)  Plaintiff responds that the jury award against Defendant was the "result of unique causes of action." (Pl.'s Resp. to Def.'s Mot. to Offset Jury Verdict (D.E. 379) 1.)

The Court agrees with Plaintiff.  As noted previously, Plaintiff reserved all claims against Defendant in the settlement agreement with Gilco and its employees.  Plaintiff brought claims for breach of fiduciary duty and the duty of loyalty against Defendant, but it did not make these allegations against Gilco or the other defendants.[14]  (See D.E. 379-1, Second Am. Compl.)  Plaintiff also did not sue Gilco for breach of an employment agreement because Plaintiff did not have an employment agreement with Gilco.[15]  (Id.)

---

[13] The Court is not persuaded by Defendant's argument that Plaintiff remains a joint and several tortfeasor with Gilco's employees because Defendant was a co-conspirator in the original case.  (Def.'s Resp. to Pl.'s Mot. to Offset Jury Verdict 5.)  The Court dismissed Plaintiff's conspiracy claim against Defendant before trial began.  (See D.E. 294.)

[14] Defendant claims Reinhart held that a "co-defendant's satisfaction of a judgment for breach of contract offset defendant's liability for procurement of that breach of contract."  (Def.'s Mot. to Offset Jury Verdict 5 (citing Reinhart v. Knight, 2005 Tenn. App. LEXIS 753, at *6 (Tenn. Ct. App. Dec. 2, 2005)).)  Defendant's reliance on this case is misplaced.  That court addressed the narrow issue of whether an "award of statutory treble damages include[s] an element of compensatory damages, thereby overlapping an award for compensatory damages based on breach of the contract, or [whether] a treble damages award [is] entirely punitive in nature."  Reinhart, 2005 Tenn. App. LEXIS 753, at *1-2.

[15] Defendant relies on Resolution Trust Corp. v. Block, 924 S.W.2d 354 (Tenn. 1996), where the Tennessee Supreme Court held that "[i]n an action for damages by or on behalf of a corporation against the officers and directors of the corporation in which the officers and directors are found to be liable

16

The Court notes that Defendant, as a highly paid executive of Plaintiff,[16] had unique responsibilities to abide by his employment agreement and to honor his fiduciary duty and his common law duty of loyalty.  "[A]n employee who breaches the duty of loyalty may be required to surrender any compensation paid by the employer during the period of breach." <u>Efird v. Clinic of Plastic & Reconstructive Surgery, P.A.</u>, 147 S.W.3d 208, 220 (Tenn. Ct. App. 2003) (<u>quoting</u> <u>Baker v. Battershell</u>, 1986 Tenn. App. LEXIS 3124, at *6 (Tenn. Ct. App. July 9, 1986)).  "It is not necessary that the employer suffer a loss in order to recoup such illicit profits or compensation from the employee." <u>Efird</u>, 147 S.W.3d at 220 (<u>quoting</u> <u>Phansalkar v. Andersen Weinroth & Co.</u>, 344 F.3d 184, 200 (2d. Cir. 2003)).

---

as the result of their collective breach of fiduciary duty, negligence, or breach of contract, the liability of the defendants to the corporation is joint and several." <u>Id.</u> at 356.  The Tennessee Supreme Court further stated that "[w]here two or more persons act in concert, each will be liable for the entire result. . . . . [T]here is a joint enterprise, and a mutual agency, so that the act of one is the act of all, and liability for all that is done is visited upon each." <u>Id.</u>  <u>Resolution Trust</u> involved "an action for damages by or on behalf of a corporation against the officers and directors of the corporation" who "committed a collective breach of fiduciary duty" and whose liability to the corporation "is joint and several." <u>Id.</u> at 357.  The case before the Court does not involve a "collective breach of fiduciary duty." Richard Barrett is the only defendant named in this action.  Defendant also referred to <u>Banks v. Elks Club Pride of Tenn.</u>, 301 S.W.3d 214 (Tenn. 2010), during the telephonic hearing with the court on December 21, 2010 regarding the Motion.  (<u>See</u> D.E. 396.)  This case is not controlling.  <u>Banks</u> supports the narrow proposition that "comparative fault does not prevent the continuing imposition of liability on an original tortfeasor for subsequent negligent medical care for injuries caused by the original tortfeasor." <u>Id.</u> at 224.
[16] Defendant was Shannon Lumber's Vice-President of Sales, and he received a salary of $170,000 a year, along with a bonus.  (<u>See</u> D.E. 363, Ex. B, Def.'s Emp't Agreement.)

Defendant is also not entitled to an offset because he failed to ask the Court to instruct the jury as to comparative fault and therefore waived his objections.  The Tennessee Supreme Court has held that a non-settling defendant is not entitled to an offset absent a request to apportion fault to a settling defendant.  See Williams Holding Co. v. Willis, 166 S.W.3d 707, 712 (Tenn. 2005) (ruling that the defendant cannot receive an offset, because "under principles of comparative fault, a non-settling defendant is *not* entitled to a credit for amounts paid by a settling defendant because the non-settling defendant is required to pay damages based on his or her percentage of fault.") (citing Varner, 969 S.W.2d at 413;[17] McIntyre, 833 S.W.2d at 58).  In this case, Defendant failed to ask the jury to apportion fault between Defendant and Gilco. Defendant did not argue at trial that Gilco or anyone else was at fault for Defendant's breach of his fiduciary duty or his duty of loyalty, or that anyone caused him to breach his employment agreement.

For all of these reasons, the Court DENIES Defendant's Motion to Offset the Jury Verdict.[18]

---

[17] The court in Varner stated that "it would be anomalous to give the benefit of an advantageous settlement, not to the plaintiff who negotiated it, but to the non-settling tortfeasor."  969 S.W.2d at 413.
[18] Defendant argues that Plaintiff's settlement agreement with Gilco of $750,000 "more than offsets the $70,000 jury verdict against [Defendant]." (Def.'s Resp. to Pl.'s Mot. to Offset Jury Verdict 6.)  The amount of the

## IV. Motion for Attorney's Fees and Costs

### A. Relevant Facts

On December 28, 2010, Plaintiff filed a Motion for Attorney's Fees and Costs. (D.E. 398.) Defendant filed a response on January 11, 2011. (D.E. 399.) Defendant also filed his own Motion for Attorney's Fees and Costs on September 23, 2010 (D.E. 374), and Plaintiff filed its response on October 1, 2010 (D.E. 378).

Defendant's employment agreement provides that "[i]n the event of litigation between employee and Company regarding the terms of the contract, the prevailing party in such litigation shall be entitled to recover from the losing party all reasonable attorney's fees and costs incurred as a result of such litigation." (D.E. 363, Ex. B, Clause 10.8.)

Plaintiff asserts that it is the prevailing party because it received a $70,000 award against Defendant for breach of his fiduciary duty and duty of loyalty. The jury also recognized that Defendant breached two provisions of his employment agreement with Plaintiff. (Pl.'s Mot. for Atty.'s Fees and Costs (D.E. 398.) 1-2.) Defendant responds that in light of the employment agreement's fee-shifting provision, and because Plaintiff received zero damages for its breach of contract

---

earlier settlement has no bearing on the adequacy of the verdict received by Plaintiff, for the reasons noted in this Order.

claims, Plaintiff is not the prevailing party.  (Def.'s Resp. to
Pl.'s Combined Mot. and Supporting Mem. for Atty.'s Fees and
Costs (D.E. 399) 2.)  Defendant also argues on similar grounds
that he is the prevailing party in this case.  (See Def.'s Mot.
for Atty.'s Fees and Costs (D.E. 74).)

### B. Analysis

Defendant's employment agreement with Plaintiff provides
that it "shall be interpreted, construed and governed in
accordance with the laws of the State of Tennessee."  (D.E. 363,
Ex. B, Clause 10.4.)  Tennessee law states that courts should
enforce provisions of contracts that allow parties to recover
attorney's fees incurred in disputes over a contract.[19]  J & B
Invs., LLC v. Sutra, 258 S.W.3d 127, 138 (Tenn. Ct. App. 2007).
The Court must award attorney's fees to the prevailing party
when the contract so provides.  See Hosier v. Crye-Leike
Commercial, Inc., 2001 Tenn. App. LEXIS 498, at *15 (Tenn. Ct.
App. July 17, 2001) ("When the parties' contract provides that
the prevailing party is entitled to reasonable attorney's fees
in litigation to enforce the contract, the party who prevails is
contractually entitled to recover its reasonable attorney's
fees, and the trial court has no discretion regarding whether to

---

[19] Defendant asserts that the Court must look to Federal Rule of Civil
Procedure 54(d) in deciding whether Defendant is a prevailing party entitled
to attorney's fees.  (Def.'s Mot. for Atty.'s Fees and Costs 4-5.)  Defendant
is incorrect.  The standard rules of contract interpretation under Tennessee
law apply to this case.

award attorney's fees or not."); see also Hometown Folks, LLC v. S & B Wilson, Inc., 2008 U.S. Dist. Lexis 27272, at *3 (E.D. Tenn. Apr. 3, 2008) ("When the contract provides that a prevailing party is entitled to recover its attorney's fees for enforcing the contract, the trial court has no discretion regarding whether to award attorney's fees or not.").

As the Supreme Court has explained, the term "prevailing party" is a legal term of art defined in Black's Law Dictionary as "'[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded (in certain cases, the court will award attorney's fees to the prevailing party). -- Also termed *successful party*.'" Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 603 (2001), superseded by statute, 5 U.S.C. § 552(a)(4)(E) (quoting Black's Law Dictionary 1145 (7th ed. 1999)).

A "prevailing party" is a party that "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Dillery v. City of Sandusky, 398 F.3d 562, 569 n.2 (6th Cir. 2005). The Supreme Court has stated that "the prevailing party inquiry does not turn on the magnitude of the relief obtained." Farrar, 506 U.S. at 114 (reversing the Fifth Circuit and holding that nominal damages are sufficient

21

for Plaintiff to constitute the prevailing party).[20]  The Court
noted that "[a] judgment for damages in any amount, whether
compensatory or nominal, modifies the defendant's behavior for
the plaintiff's benefit by forcing the defendant to pay an
amount of money he otherwise would not pay."  Id. at 113.  The
Court also stated that "[a]n award of nominal damages can
represent a victory in the sense of vindicating rights even
though no actual damages are proved."  Id. at 121.  Moreover,
prevailing parties "are not required to establish that they
prevailed on all claims, only that they have obtained some of
the relief sought."  James T. ex rel. A.T. v. Troy Sch. Dist.,
407 F. Supp. 2d 827, 830 (E.D. Mich. 2005) (citing Dillery, 398
F.3d at 569 n.2).

As noted previously, Plaintiff received a $70,000 award
against Defendant for breach of his fiduciary duty and duty of
loyalty.  This Court has also awarded Plaintiff nominal damages

---

[20] Defendant attempts to distinguish Farrar because Plaintiff failed to
"obtain an enforceable money judgment" against Defendant.  (Def.'s Resp. to
Pl.'s Mot. for Atty.'s Fees and Costs 2.)  The jury's $70,000 award and the
Court's award of nominal damages negates this argument.  However, Defendant
emphasizes Farrar's second test regarding "reasonable" attorney's fees, where
the Court stated that "[w]hen a plaintiff recovers only nominal damages
because of his failure to prove an essential element of his claim for
monetary relief, the only reasonable fee is usually no fee at all."  Farrar,
506 U.S. at 115.  In this case, by contrast, Plaintiff received a jury award
of $70,000.  The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C §
1988(b), which was at issue in Farrar, "permits a court, in its discretion,
to award the 'prevailing party' in a § 1983 action 'reasonable' attorney's
fees as part of the costs."  Id. at 109.  While the employment agreement
states that the "prevailing party" is entitled to attorney's fees, it does
not expressly include a "reasonableness" requirement.

in this Order.  Based on these damages, Plaintiff is the
prevailing party.

Defendant argues that the scope of Section 10.8 of the
employment agreement is limited to damages received on the
contract claims.  (See Def.'s Resp. to Pl.'s Mot. for Atty.'s
Fees and Costs 2; Def.'s Mot. for Atty.'s Fees and Costs 5-6.)
The Court declines to narrowly interpret the contract in this
way.  Section 10.8 states that "in the event of litigation
between employee and Company *regarding the terms of the
contract*, the prevailing party in such litigation shall be
entitled to recover from the losing party all reasonable
attorney's fees and costs incurred as a result of such
litigation."  (D.E. 363, Ex. B, Clause 10.8.) (emphasis added).
The contract language does not explicitly require Plaintiff to
prevail on one of the contractual claims to be considered the
"prevailing party."  Moreover, Section 7.2 of the employment
agreement discusses Defendant's "fiduciary relationship,
capacity and duty with respect to his employment" with
Plaintiff, which has a direct bearing on Plaintiff's claims for
breach of fiduciary duty and the duty of loyalty.  Even if the
Court were to construe Section 10.8 narrowly, as Defendant
urges, the Court's additional award of nominal damages to
Plaintiff compels the conclusion that Plaintiff is the
"prevailing party" in this litigation.

23

Accordingly, the Court finds that Plaintiff is the "prevailing party" in this case and GRANTS Plaintiff's Motion for Attorney's Fees.

## V. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that: 1) Plaintiff's Motion to Alter or Amend the Jury Verdict and to Enter Judgment to Award Plaintiff Nominal Damages (D.E. 363) is GRANTED.  The Court AMENDS the Jury Verdict to correct an error of law and AWARDS $2.00 in nominal damages to Plaintiff for Defendant's breach of the confidentiality clause ($1.00) and the non-competition provisions ($1.00) of his employment agreement; 2) Defendant's Motion to Offset the Jury Verdict (D.E. 373) is DENIED; 3) and because the Court finds that Plaintiff is the "prevailing party," Plaintiff's Motion for Attorney's Fees and Costs (D.E. 398) is GRANTED.


**SO ORDERED** this 10th day of February, 2011.

/s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE